UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SUNBELT BUSINESS GROUP, INC.,

Plaintiff,

vs. Case No. 3:09-cv-1229-J-34MCR

TAMMIE R. COKER,

Defendant.
______________________________________/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant's Motion to Abate/Stay Pending Resolution of Criminal Case (Doc. 34) filed September 20, 2010. Plaintiff filed a response in opposition to this Motion (Doc. 36) on September 23, 2010. On April 5, 2011, Judge Howard issued an Order referring the matter to the undersigned for a report and recommendation (Doc. 48). Accordingly, the matter is ripe for judicial review.

### I. BACKGROUND

Plaintiff's Second Amended Complaint (Doc. 9) alleges Defendant engaged in conversion and fraud while she was employed by Plaintiff as a bookkeeper. Specifically, Plaintiff claims Defendant issued checks from Plaintiff's account to herself and deposited same into her personal accounts. Plaintiff alleges Defendant converted

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

over $500,000.00. Defendant responded to the Second Amended Complaint on August 10, 2010 and filed a third-party complaint against Jay Lemonde Price, the president of Plaintiff. In her complaint, Defendant alleges Price asked her to write each of the checks at issue in the Second Amended Complaint, to deposit same into her personal accounts, and subsequently to withdraw the funds and pay them over to Price. (Doc. 24).

According to Defendant, she is facing criminal charges in the Fourth Judicial Circuit, Nassau County Florida stemming from the allegations in the Second Amended Complaint.[2] (Doc. 13). As a result of these criminal charges, on September 20, 2010, Defendant filed the instant motion seeking to stay the case (Doc. 34) as well as a motion for protective order (Doc. 33) essentially asking that she be excused from responding to discovery due to her Fifth Amendment privilege against self incrimination. On September 28, 2010, the undersigned denied the motion for protective order on the basis that Defendant failed to show specific discovery requests which would tend to incriminate her. (Doc. 37). The undersigned will now examine Defendant's motion seeking to stay the case on the grounds that because of the criminal charges, "Defendant is unable to fully defend herself or at the very least, [is compromised in] her ability to defend herself." (Doc. 34, p.2).

[2] Defendant has not provided the Court with any updated information regarding the status of the criminal proceedings.

## II. ANALYSIS

Defendant, Tammie Coker, seeks an Order abating or staying the instant case pending resolution of an ongoing criminal case in Nassau County, Florida. Defendant argues that absent a stay, she "faces a conflict between asserting her Fifth Amendment rights and fulfilling her legal obligations in this civil proceeding." (Doc. 34, p.2). Plaintiff responds by arguing that Defendant's "blanket assertion of potential self-incrimination" is not sufficient to stay the case. (Doc. 36, p.3). Additionally, Plaintiff argues that a stay is not warranted because Defendant's decision to assert her Fifth Amendment rights will not automatically result in a judgment being entered against her as Plaintiff will still be required to prove its case. Id. at pp. 3-4. Finally, Plaintiff argues that staying the civil case would unjustly prejudice it.

As an initial matter, the Court notes Plaintiff is correct that "the blanket assertion of the privilege against self-incrimination is an inadequate basis for the issuance of a stay." S.E.C. v. Wright, 261 F.App'x 259, 263 (11th Cir. 2008). Rather, before a court will stay a civil case, the defendant must show "'special circumstances' require the stay in the 'interests of justice.'" United States v. Lot 5, Fox Grove, Alachua County, Fla., 23 F.3d 359, 364 (11th Cir. 1994) (quoting United States v. Kordel, 397 U.S. 1, 12 & n. 27, 90 S.Ct. 763, 769-70 & n. 27 (1970)). "Special circumstances" may be established if there exists "record evidence suggesting the Government had brought the civil case solely to obtain evidence for the criminal prosecution or that the criminal case ... was unconstitutional or inappropriately instituted." Wright, 261 F.App'x at 263. In this case, Defendant has suggested that Plaintiff's attorney is a former prosecutor with the Fourth

Judicial Circuit and has been in contact with a current prosecutor with the Fourth Judicial Circuit. (Doc. 34, p.2). These unsupported allegations, however, are insufficient to show that the instant litigation was improperly instituted and will not support the issuance of a stay.

Additionally, in determining whether to grant a stay, courts should consider whether a defendant in both a civil and criminal matter is "forced to choose between waiving his privilege against self-incrimination or losing the civil case in summary proceedings." Shell Oil Co. v. Altina Associates, Inc., 866 F.Supp. 536, 540 (M.D. Fla. 1994) (citing Pervis v. State Farm Fire & Casualty Co., 901 F.2d 944 (11th Cir. 1990)). In order for this consideration to compel a stay, "the invocation of the privilege must result in automatic summary judgment" rather than "merely the loss of [a defendant's] 'most effective defense.'" Shell Oil Co., 866 F.Supp. at 540-41 (quoting Pervis, 901 F.2d at 946-47; United States v. Premises Located at Route 13, 946 F.2d 749, 756 (11th Cir. 1991)). In this case, Defendant has not even argued that as a result of her invoking the privilege, she will face losing on summary judgment. As Plaintiff points out, it will still be required to prove each element of conversion and/or fraud before a judgment can be entered. Defendant has not indicated that she has been required to assert her Fifth Amendment privilege yet and "therefore, it is impossible to determine if the assertion will automatically give rise to liability subjecting [Defendant] to an unfavorable disposition." Global Aerospace, Inc. v. Platinum Jet Management, LLC, No. 09-60756-CIV, 2009 WL 2589116, at *2 (S.D. Fla. Aug. 19, 2009). However, a review of

Defendant's third-party claim against Price indicates to the Court that Defendant will be adequately able to defend against Plaintiff's claims.

Accordingly, the undersigned believes a stay is not warranted in this case. If after Defendant asserts her Fifth Amendment privilege it appears that because of the privilege she may face certain loss by automatic summary judgment, Defendant may file a new motion to stay for the Court's consideration. Therefore, for the foregoing reasons, it is respectfully

**RECOMMENDED**:

Defendant's Motion to Abate/Stay Pending Resolution of Criminal Case (Doc. 34) be **DENIED without prejudice**.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this 19th day of April, 2011.

Monte C. Richardson

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia M. Howard,
United States District Judge

Counsel of Record